**QUENTIN ROGERS,**

       **Petitioner,**

  **v.**                                    **Case No. 20-CV-133**

**TEJUANA KING,**

       **Respondent.**

---

## RULE 4 ORDER

---

Quentin Rogers, who is currently incarcerated at the Flemmers Chaney Correctional Center, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Rogers challenges his April 22, 1998 judgment of conviction in Milwaukee County Case No. 1997CF973998 for attempted armed robbery. Rogers alleges that his post-conviction counsel rendered ineffective assistance.

Rogers has paid the $5.00 filing fee and his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

As an initial matter, it appears Rogers' habeas petition is untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are

subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Although Rogers states that he filed direct review of his judgment of conviction on October 1, 2018 (Docket # 1 at 2), this is incorrect. Wis. Stat. § 809.30(2) requires a defendant to file a notice of intent to pursue postconviction relief within 20 days after the date of

sentencing or final adjudication. A review of the Wisconsin Consolidated Court Automation Programs ("CCAP") website in Milwaukee County Case No. 1997CF973998 indicates Rogers sought postconviction relief on April 28, 1998. CCAP, WI Circuit Court Access for Milwaukee County, Case No. 1997CF973998, at http://wcca.wicourts.gov (last visited Jan. 30, 2020). The docket further shows the Wisconsin Court of Appeals affirmed Rogers' conviction on March 20, 2000. Rogers does not file another motion until January 6, 2017; a motion for sentence modification.

Assuming Rogers' one-year statute of limitations falls under § 2244(d)(1)(A), his habeas petition is untimely by almost two decades. However, because the exact dates of Rogers' post-conviction activity are not in the record before me and it is unclear whether Rogers' one-year statute of limitations is subject to equitable tolling, I will call upon the respondent to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that a copy of Rogers' petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have **forty-five (45)** days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file her brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 4th day of February, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge